IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JAMES VERNON SPRAGUE,

        Petitioner,

v.

JOHN R. KROGER,

        Respondent.

Civil No. 10-991-BR

OPINION AND ORDER

    **MICHAEL R. LEVINE**
    **MATTHEW G. McHENRY**
    Levine & McHenry, LLC
    1001 SW Fifth Ave.
    Suite 1414
    Portland, OR  97204

        Attorneys for Petitioner

    **JOHN R. KROGER**
    Attorney General
    **ANDREW HALLMAN**
    JONATHAN W. DIEHL
    Assistant Attorneys General
    Department of Justice
    1162 Court Street NE
    Salem, OR  97301

        Attorneys for Respondent

1 - OPINION AND ORDER -

**BROWN, Judge.**

Petitioner brings this habeas corpus action pursuant to 28 U.S.C. § 2241.[1] For the reasons that follow, the Court **DENIES** the Emergency Petition for Writ of Habeas Corpus (#1), **DENIES** Petitioner's request for an order staying the state court proceedings, and **GRANTS** a Certificate of Appealability.

## BACKGROUND

On January 6, 2000, a Multnomah County grand jury indicted Petitioner on 37 Counts of various sex offenses against a minor child, the daughter of his former companion. Count 1 charged Rape in the Second Degree, and alleged that Petitioner "on or between September 01, 2004, and June 25, 2005 . . . . Did unlawfully and knowingly engage in sexual intercourse with [the victim], a child under the age of fourteen years . . ." Counts 2 through 4 are identical in every respect to Count 1.

Count 5 charged Sodomy in the Second Degree. Count 6 is identical in every respect to Count 5. Count 7 charged Sexual Abuse in the First Degree involving touching the victim's vagina. Counts 8 through 21 are identical in every respect to Count 7. Count 22 charged Sexual Abuse in the First Degree involving touching the victim's breasts. Counts 23 through 36 are identical

---

[1] Petitioner initially invoked both the provisions of 28 U.S.C. § 2241 and § 2254. The parties, and this Court, agree that the case is properly brought only under § 2241, as discussed below.

2 - OPINION AND ORDER -

in every respect to Count 22.  Finally, Count 37 charged Attempted Rape in the First Degree.

Petitioner pleaded not guilty, and trial was initially set for July 10, 2006, before Multnomah County Circuit Court Judge Frank Bearden.  Before trial, Petitioner moved to dismiss the Indictment on state and federal grounds of double jeopardy and due process.  At a June 29, 2006, oral argument on the motion to dismiss, Petitioner also moved, in the alternative, to dismiss the "carbon-copy," indistinguishable Counts of the Indictment.  Judge Bearden denied both motions, but continued the trial date to October 3, 2006, to enable Petitioner to seek mandamus relief in the Oregon Supreme Court and, if necessary, habeas relief in the federal courts.

On July 20, 2006, Petitioner filed his Petition for Writ of Mandamus with the Oregon Supreme Court arguing due process and double jeopardy claims.  On August 15, 2006, the Oregon Supreme Court denied the Petition without opinion.

On September 7, 2006, Petitioner filed a Petition for Writ of Habeas Corpus in this Court, *Sprague v. State of Oregon*, CV 06-1277-TC.  On December 14, 2006, United States Magistrate Judge Thomas Coffin issued a Findings and Recommendation recommending that the Petition be denied.  Judge Coffin concluded that, under the doctrine of *Younger v. Harris*, 401 U.S. 37 (1971), federal intervention in the state criminal proceedings would be premature.

3 - OPINION AND ORDER -

On April 16, 2007, United States District Judge Michael Hogan adopted the Findings and Recommendation and dismissed the Petition. *Sprague v. Oregon*, 2007 WL 1138462 (D. Or., April 16, 2007). On April 18, 2007, Petitioner filed a notice of appeal, and on April 24, 2007, Judge Hogan issued a certificate of appealability.

On April 27, 2007, Judge Bearden held a status conference and set an August 13, 2007, trial date. Judge Bearden also ordered the prosecutor to provide the defense with sufficient factual information on each Count of the Indictment to enable the court to follow the testimony and permit the parties to draft appropriate jury instructions.

On August 6, 2007, the Ninth Circuit Court of Appeals issued a memorandum decision affirming Judge Hogan's denial of federal habeas corpus relief. The Ninth Circuit refused to address the double jeopardy issue because review of the case was precluded by *Younger*. *Sprague v. Oregon*, 235 Fed. Appx. 537 (9th Cir. 2007).

Shortly before the August 13, 2007, trial date, the prosecutor moved to dismiss the charges alleged in Counts 28 and 29, and Judge Bearden dismissed those Counts. The prosecutor also gave Judge Bearden and the defense an "incident chart" in the form of a spreadsheet which purported to distinguish the various remaining groups of identical Counts by assigning certain times,

4 - OPINION AND ORDER -

locations, and parts of the body to each of them, thereby distinguishing each Count from any other.

Petitioner repeatedly objected to the use of the spreadsheet and the ensuing alteration of the verdict form on the grounds that they were the creation of the prosecution and not the grand jury. As such, Petitioner argued, the prosecutor was usurping the role of the grand jury in violation of Petitioner's rights under the United States and Oregon Constitutions to due process and to be indicted by a grand jury. At a hearing during the trial, the prosecutor acknowledged she created the spreadsheet based on her own review of the police reports, a brief meeting with the victim, and without considering the testimony heard by the grand jury. Judge Bearden overruled Petitioner's objections.

After the state rested, Judge Bearden granted defense motions for judgment of acquittal on 20 Counts (Counts 1, 4, 5, 8, 11, 12, 14, 16, 17, 19, 21, 24, 25, 26, 27, 31, 32, 34, 35, and 36). On the remaining 15 Counts, the trial proceeded to verdict. The jury acquitted Petitioner of the charges alleged in Counts 22 and 37. In a non-unanimous (10-2) verdict, the jury convicted Petitioner on the remaining thirteen Counts. Petitioner appealed, and, at Petitioner's request, the Oregon Court of Appeal summarily reversed the convictions on November 1, 2009, based on *State v. Southard*, 347 Or. 127 (2009) in which the Oregon Supreme Court held it was reversible error to permit a medical expert to testify

5 - OPINION AND ORDER -

to diagnosis of sexual abuse in the absence of any physical findings supporting the diagnosis. Although Petitioner had also assigned as error before the Oregon Court of Appeals Judge Bearden's rulings regarding the sufficiency of the Indictment and the alleged violations of Petitioner's due process and double jeopardy rights, Petitioner sought and received the summary reversal and remand to the state trial court without litigating these constitutional concerns then pending before the state appellate court.

On remand, the state is now preparing to retry Petitioner on the same 13 Counts, but because of Judge Bearden's intervening retirement from the bench, the case is now assigned to Multnomah County Circuit Court Judge Karen Immergut.

On April 20, 2010, Petitioner filed a motion requesting Judge Immergut to dismiss the remaining 13 active Counts of the Indictment on the grounds that re-trial on these Counts exposed him to the grave risk of double jeopardy in violation of state and federal constitutional principles. After oral argument on the motion on May 25, 2010, Judge Immergut denied Petitioner's motion from the bench and stated she would file a written opinion and order. Judge Immergut also set an August 13, 2010, deadline for filing of pretrial motions, and a September 20, 2010, trial date. On July 1, 2010, Judge Immergut issued her formal opinion and order denying the Motion to Dismiss.

6 - OPINION AND ORDER -

On July 20, 2010, Petitioner filed his Petition for Writ of Mandamus with the Oregon Supreme Court.  Petitioner again argued the second trial would subject him to double jeopardy.  Petitioner also filed a motion to stay the existing trial date.  On August 19, 2010, the Oregon Supreme Court denied the Petition for Mandamus and the Motion to Stay, without opinion.

On August 20, 2010, Petitioner filed his Emergency Petition for Writ of Habeas Corpus presently before this Court.  In it, Petitioner argues a second trial will subject him to double jeopardy because each and every currently active Count in the Indictment is identical in every respect to at least one Count of which he was already acquitted by the judge or jury at the first trial.  As such, Petitioner contends this Court should enjoin any further prosecution and order the state to dismiss the Indictment.  Petitioner also asks the Court to issue an order staying the state trial proceedings pending resolution of his federal habeas action.  On August 27, 2010, Judge Immergut conducted another status hearing.  In light of this pending federal habeas Petition, Judge Immergut continued the trial date to November 1, 2010.

This Court heard oral argument on Petitioner's Emergency Petition on September 14, 2010.

**LEGAL STANDARDS**

Petitioner's double jeopardy claim is properly brought under 28 U.S.C. § 2241.  *See Wilson v. Belleque*, 554 F.3d 816, 821 (9th

7 - OPINION AND ORDER -

Cir. 2009) ("a habeas petition raising a double jeopardy challenge to a petitioner's pending retrial in state court is properly treated as a petition pursuant 28 U.S.C. § 2241"), *cert. denied*, 130 S.Ct. 75 (2009).  Accordingly, this Court reviews the state court's factual findings with a presumption of correctness and reviews conclusions of law de novo.  *Hoyle v. Ada County*, 501 F.3d 1053, 1058-1059 (9th Cir. 2007) (citing *Allen v. Roe*, 305 F.3d 1046, 1050 (9th Cir. 2002).

## DISCUSSION

**I.   Younger Abstention**

As an initial matter, the Court notes that the *Younger* doctrine that applied to preclude review of Petitioner's double jeopardy claim in his first federal habeas action does not apply to Petitioner's double jeopardy claims in his present Petition. A claim that a state prosecution will violate the Double Jeopardy Clause by re-trying a petitioner on charges upon which a prior conviction was set aside presents an exception to *Younger's* general rule.  *Mannes v. Gillespie*, 967 F.2d 1310, 1312 (9th Cir. 1992); *see also Hartley v. Neely*, 701 F.2d 780, 781 (9th Cir. 1983) ("pretrial habeas corpus review is appropriate in those cases where, as here, all other state remedies were exhausted"). *Younger*, however, still precludes this Court from intervening in

the continued state proceedings on the basis of Petitioner's alleged due process claims.

## II. Double Jeopardy

The Fifth Amendment provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." United States Constitution, Amend. V.  In determining whether to characterize two charges as the "same offense" triggering Fifth Amendment double jeopardy, or as two separate offenses, courts use the definition set forth in *Blockburger v. United States*, 284 U.S. 299, 304 (1932):  "the test to be applied . . . is whether each provision requires proof of a fact which the other does not." Conversely, "[d]ouble jeopardy is not implicated so long as each violation requires proof of an element which the other does not." *United States v. Vargas-Castillo*, 329 F.3d 715, 720 (9th Cir. 2003) (citation omitted).  "If each [offense] requires proof of a fact that the other does not, the *Blockburger* test is satisfied, notwithstanding a substantial overlap in the proof offered to establish the crimes."  *Ianelli v. United States*, 420 U.S. 770, 785-86 n.17 (1975).  In evaluating a double jeopardy claim, "a reviewing court must consider all of the evidence admitted by the trial court in deciding whether retrial is permissible under the Double Jeopardy Clause."  *Lockhart v. Nelson*, 488 U.S. 33, 41 (1988).

9 - OPINION AND ORDER -

The Double Jeopardy Clause "does not prevent the government from retrying a defendant who succeeds in getting his first conviction set "aside . . . because of some error in the proceedings leading to conviction." *Lockhart*, 488 US at 38. "[T]he successful appeal of a judgment of conviction, on any ground other than the insufficiency of the evidence to support the verdict, poses no bar to further prosecution on the same charge." *Montana v. Hall*, 481 U.S. 400, 402 (1987) (citations omitted). Conversely, "the Double Jeopardy Clause of the Fifth Amendment prohibits reexamination of a court-decreed acquittal to the same extent it prohibits reexamination of an acquittal by jury verdict." *Smith v. Massachusetts*, 543 U.S. 462, 467 (2005).

Petitioner argues each of the thirteen remaining Counts that remain pending against him are "identical in every respect" to at least one Count of which he has already been acquitted by Judge Bearden or by the jury. Because the Indictment language used in each set of charges is indistinguishable, Petitioner contends the conduct underlying any remaining Count "may very well be the very same conduct" that underlies the Counts of which he was already acquitted.

In support of his claims, Petitioner relies in large part on *Valentine v. Konteh*, 395 F.3d 626, 634 (6th Cir. 2005). In *Valentine*, the defendant was convicted in Ohio state court on 20 "carbon-copy" Counts of child rape and 20 "carbon-copy" Counts of

10 - OPINION AND ORDER -

felonious sexual penetration.  Each of the two groups of allegations was identically worded in the charging document so that there was no differentiation among the Counts, and each of the convictions were affirmed by the state appellate courts.  In his Petition for federal habeas corpus relief, the defendant argued that his due process and double jeopardy rights were violated because he was unable to defend against the charges in that they failed to "specify a date or distinguish between conduct on any given date."  *Id*. at 630.  The federal district court agreed, and vacated the convictions.

On appeal, the Sixth Circuit sustained the district court's dismissal of 19 Counts from each of the two groups' 20-Count charges, but reinstated the defendant's convictions on one Count of rape and one Count of sexual penetration.  The court reasoned that "the problem is that within each set of 20 Counts, there [were] absolutely no distinctions made."  *Id*. at 632.  Because the forty criminal Counts "were not anchored to forty distinguishable criminal offenses, [the defendant] had little ability to defend himself."  *Id*. at 633.  As such, the Indictment presented an "important double jeopardy problem . . . there was insufficient specificity in the indictment . . . to enable [the defendant] to plead convictions or acquittals as a bar to future prosecutions."  *Id*. at 634.

11 - OPINION AND ORDER -

Judge Immergut rejected Petitioner's argument that his case is identical to *Valentine*. She found the critical distinction between this case and *Valentine* is that the prosecution in *Valentine* never distinguished the factual basis for each charge at trial. Here, by contrast, Judge Bearden had an incident chart and the jury had a verdict form which distinguished the facts in each Count from the other Counts. By the time Judge Bearden granted Petitioner's motion for judgment of acquittal on several Counts, he had the benefit of considering the evidence in light of the incident chart and hearing the arguments of counsel.

Judge Immergut concluded that Judge Bearden factually distinguished the Counts alleged in the Indictment, acquitted Petitioner on several Counts, and sent the remaining Counts -- based on different conduct than the dismissed Counts -- to the jury. Similarly, based on the Special Verdict which factually distinguished the remaining Counts from those upon which Judge Bearden acquitted Petitioner, the trial jury in turn convicted Petitioner on thirteen Counts and acquitted him on two Counts.

Judge Immergut further reasoned that the fact Petitioner was acquitted of 22 Counts and convicted of 13 Counts itself demonstrates that both Judge Bearden and the trial jury actually distinguished among the Counts based on the evidence as organized by the state in the form of the chart and the Special Verdict. She determined that the incident chart gave Petitioner adequate

12 - OPINION AND ORDER -

notice of the conduct that formed the basis for each Count in the Indictment. Likewise, the incident chart gave Judge Bearden a means to distinguish factually among the many Counts charged and to rule on Petitioner's motion for acquittal. In the same way, the Special verdict gave the trial jury an organizational tool to assist them in evaluating the evidence and to distinguish the conduct at issue in each Count.

> Judge Immergut concluded:
>
> The assignment in terms of Count number is not the material piece of whether or not the grand jury or the jury or Judge Bearden actually decided there was or wasn't evidence of conduct; that it is really the conduct, not the Count number, that is what's at issue. And that's what the Double Jeopardy is designed to protect against. It is to protect conduct. Whether you call it Count 1 or Count 2 is, in this Court's view, not material.

As noted, Judge Immergut's factual findings are entitled to a presumption of correctness. *Hoyle*, 501 F.3d at 1058-59. Here, Petitioner fails to rebut Judge Immergut's factual findings that the trial judge and the jury were able to distinguish between each Count based on the incident charge, the evidence at trial, and the verdict form.

The Court notes, however, that correctness of such factual findings does not end this Court's review. Rather, the legal import of these findings of fact is subject to de novo review. As such, this Court must determine whether Judge Immergut's ultimate conclusion that Petitioner's double jeopardy rights would not be

13 - OPINION AND ORDER -

violated through retrial is a correct application of the applicable federal law.

This Court concludes Judge Immergut's legal conclusion is also correct under the applicable federal law because Petitioner has not shown there is any risk Petitioner will be tried again or convicted of any already-acquitted offense. Judge Bearden and the trial jury based their decisions on the different *conduct* upon which the various Counts of the Indictment were presented to the jury. The *conduct* upon which the remaining 13 pending Counts are based is apparent from the incident chart, the testimony at trial, and, particularly, the Special Verdict which lists as to each particular Count the specific location of the specific residence at which the conduct allegedly occurred during a specific time period.

Petitioner argues, nonetheless, that the failure of the original Indictment to specify the particular conduct underlying each specific Count could not be constitutionally cured by the evidence at trial and that trial evidence must match the evidence that supported the grand jury's Indictment for each particular Count. In essence, then, the Petitioner argues this Court cannot look beyond the Indictment in analyzing the double jeopardy argument. In support of his argument, Petitioner discusses at length the due process protections afforded an accused in the context of the existence or sufficiency of a grand jury

14 - OPINION AND ORDER -

Indictment.  Petitioner cites numerous cases addressing those due process rights.  Petitioner, however, does not cite any federal case law -- nor has this Court located any -- that supports his argument that alleged due process violations in the sufficiency of an Indictment dictate how this Court must address the double jeopardy claim.

To the extent Petitioner contends the Indictment was insufficient, that the subsequent incident chart was improperly prepared without reference to the evidence presented to the grand jury, and/or that the use of the incident chart and Special Verdict resulted in the unlawful constructive amendment of the Indictment, the Court concludes all of these are due process arguments not properly before this Court in the context of a double jeopardy challenge to a re-trial.  Instead, these are challenges which are not implicated in the limited exception to the *Younger* abstention requirement.[2]  In sum, Petitioner's due process arguments are of the type which must be exhausted in the

---

[2] As noted by Judge Coffin in the first habeas proceeding, when a party calls upon the federal court to address an asserted violation of a federal constitutional right, the court will abstain from doing so if (1) state judicial proceedings are still pending, (2) the state proceedings implicate important state interests, and (3) the state proceedings offer an adequate opportunity to put forward the federal question.  *Sprague*, 2007 WL 1138462 *4 (citing *Middlesex County Ethics Committee v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)).  Here, there is no indication the state proceeding will not offer Petitioner an adequate opportunity to put forward the federal due process question; indeed, the state court record indicates the contrary.

15 - OPINION AND ORDER -

state court proceedings before habeas review is appropriate in this Court.  See 28 U.S.C. § 2254.

### CONCLUSION

For these reasons, the Court **DENIES** the Emergency Petition for Writ of Habeas Corpus and **DENIES** Petitioner's request to stay the state proceedings.  Because of the novelty of the combined due process-double jeopardy issues presented in the context of this case, the Court concludes a certificate of appealability is warranted, and, therefore, the Court **GRANTS** Petitioner a certificate of appealability.  28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this  14th day of September, 2010.

    /s/ Anna J. Brown
    ANNA J. BROWN
    United States District Judge